IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS, LOCAL UNION 24 | : : : : | Case No. 2:15-cv-2631 |
| | : | Judge Algenon L. Marbley |
| *Plaintiff*, | : : | Magistrate Judge Deavers |
| v. | : : | |
| GERALD E. MILLER, *et al.*, | : : | |
| *Defendants.* | : | |

## OPINION AND ORDER

Before the court is Plaintiff International Association of Sheet Metal, Air, Rail and Transportation Workers, Local Union No. 24 Motion for Default Judgment. (Doc. 15.) The Clerk entered default as to Defendants Gerald Miller and Cleide Miller ("Defendants") on August 24, 2015. (Doc. 9.)  Plaintiffs move for default judgment to allow the Court determine the appropriate amount of damages in the matter. (Docs. 14-15.)

Plaintiff initiated this action alleging Defendants' intentional prevailing wage violation under Ohio Rev. Code § 4115.16(B), and breach of contract relating to an agreement by the parties to remedy the aforementioned wage violation. The breach of an agreement with a labor organization is governed by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C.A. § 185(a), giving this Court jurisdiction.

Plaintiff served Defendants by mail on July 24, 2015. (Doc. 1, Attachment 2-3.) Defendants were made aware of this suit as Defendants returned the Summons form on July 27,

2015 for Gerald Miller and on July 29, 2015 for Cleide Miller. (Docs. 4-5.) Defendants were due to answer on August 14, 2015. *(Id.)* Neither of the Defendants nor their representatives have answered Plaintiff's complaint, petitioned for extra time, or otherwise appeared before this Court. For the failure to appear or to notify the court concerning this matter, Plaintiff's Motion for Default Judgment is **GRANTED**.

## I. BACKGROUND

Defendants Gerald E. Miller and Cleide F. Miller ("the Millers") are married to each other, and co-own construction companies (Doc. 1 at ¶ 5). The Millers were in possession of both GM Mechanical, Inc. ("GM"), and CM Mechanical Services ("CM"), when these companies committed fraudulent and illegal acts amounting to intentional prevailing wage violations against the Plaintiffs. (*Id.* at ¶¶ 6-8.)

Plaintiff, Local 24, is a labor organization as defined under §2(2) of the NLRA, 29 U.S.C §152(5). (*Id.* at ¶ 10.) Plaintiff is an unincorporated organization that represents sheet metal workers within its jurisdiction, which includes Franklin County, Ohio. (*Id.* at ¶ 11-12.) Plaintiff is authorized to represent employees as an "interested party" under Ohio Rev. Code §4115.03(F) for all purposes related to this action. The wage violations occurred while the Defendants companies were working on the Ohio State University Kennedy Commons Renovation project ("the Project"), at the Ohio State main campus in Columbus, Ohio. (*Id.* at ¶ 1.) GM was the prime contractor on the HVAC and plumbing portions of the Project, and also subcontracted a portion of its work on the project to CM. (*Id.* at ¶¶ 17-18.) On or about January 21, 2011, Plaintiff filed a prevailing wage complaint with the Director of the Ohio Department of Commerce ("Director"). (*Id.* at ¶ 19). The Director received the complaint, but to date, the

Director has not made a final ruling, nor did he request any additional time to complete the investigation, past the allotted 120-day period. (*Id.* at ¶¶ 19-22).

Plaintiff and Defendants entered into a contract to remedy the wage violation. (Doc. 1, ¶ 24; Doc. 15, Ex. 2, Wiener Decl., ¶ 7). The Defendants agreed to pay the Plaintiff $8,000 in equal installments over the course of four months, and be placed on the debarred contractor registry for two years. (Doc. 1 at ¶ 25-26; Wiener Decl. at ¶ 7). In exchange, Plaintiff agreed to cease pursuing the prevailing wage claims. (Doc. 1 at ¶ 27). To date, Defendant has failed to comply with any of the terms of that contract. For failure to appear before the Court, Plaintiff has requested that the Court: (1) enter Default Judgment against the Defendants in the amount of $8,000.00; (2) find that Defendants committed intentional wage prevailing wage violations on the Project; (3) order that Defendants' names be submitted to the Ohio Secretary of State as debarred contractors under Ohio Rev. Code §§ 4115.13(D) and 4115.133(A) and (B). (Doc 15 at 5). Plaintiff request that the Court forego a damages hearing, and proceed to enter judgment in the amount specified by the Plaintiff.

## II. ANALYSIS

### A. Standard of Review

The Court is authorized to enter default judgment against a party whose default has already been entered by the clerk. Fed. R. Civ. P. 55(b)(2). When damages sought by the Plaintiff are unliquidated, the default entered by the clerk only establishes the defendant's liability, and that all well-pleaded factual allegations are to be taken as true; the appropriate amount of damages must still be decided by the Court. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). In order appropriately to determine the amount of damages, the Court must "conduct an inquiry to ascertain the appropriate amount of damages with reasonable

3

certainty". *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 WL 2572713 at *4 (E.D. Mich. June 23, 2010) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir. 1999)).

The Court is not however, required to conduct a hearing if it determines in its sound discretion that damages can be properly ascertained using the record before the court. *Joe Hand Promotions, Inc. v. Buckman*, No. 2:14-CV-1178, 2015 WL 1439350 (S.D. Ohio Mar. 27, 2015).

### B. Analysis

Based on the factual allegations in the complaint, which are taken as true following the default order issued by the Clerk, the Court is able to come to a conclusion on damages without the need of an evidentiary hearing. The Court finds that there is enough evidence in the record to make an informed decision. Defendants, in the role of employers, violated an agreement with Plaintiff, a labor organization, for which § 301 of the LMRA provides a federal cause of action. In addition, Defendants, as contractors, intentionally violated Ohio's prevailing wage law, for which Plaintiff is an interested party under Ohio Rev. Code 4115.03(F)(3). The record further shows that Defendants undertook a labor agreement with Plaintiff to remedy the prevailing wage violation in the amount of $8,000, of which there is no evidence that Defendants paid any of that amount.

Based on the evidence before the Court, it is hereby **ADJUDGED, ORDERED,** and **DECREED** that Defendants, Gerald and Cleide Miller are in default of answer to the complaint in the above-styled case. The Court thus **GRANTS** Plaintiff's Motion for Default Judgment. (Doc. 15). These Defendants are jointly and severally liable in the amount of $8,000 to Local 24 as compensation for breach of the contract created to settle a prevailing wage violation. The Director or designated representative of the Ohio Department of Commerce will handle

Plaintiff's request for debarment pursuant to the relevant portions of § 4115.13 of the Revised Code. This case is **DISMISSED**.

  **IT IS SO ORDERED.**

               _s/ Algenon L. Marbley_
               **ALGENON L. MARBLEY**
               **UNITED STATES DISTRICT JUDGE**

**DATED: June 9, 2016**