UNITED STATES DISTRICT COURT
SOUTHEASTERN DISTRICT OF OHIO
EASTERN DIVISION

INTERNATIONAL ASSOCIATION OF :
SHEET METAL, AIR, RAIL AND : Case No. 2:15-cv-2631
TRANSPORTATION WORKERS, :
LOCAL UNION No. 24 : Judge Algenon L. Marbley
 :
 Plaintiff, : Magistrate Judge Deavers
 :
 v. :
 :
GERALD E. MILLER, *et al.*, :
 :
 Defendants. :

## OPINION & ORDER

This matter is before the Court on Plaintiff's unopposed Motion for Attorney Fees and Costs in the amount of $3,595.06. (Doc. 19.) For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

### I. BACKGROUND

Plaintiff, the International Association of Sheet Metal, Air, Rail and Transportation Workers, Local Union No. 24, brought this case alleging an intentional prevailing-wage violation and breach-of-contract claim relating to an agreement by the parties to remedy the aforementioned wage violation by Defendants, Gerald Miller and Cleide Miller, under Ohio Rev. Code § 4115.16(B), and § 301 of the Labor Management relations Act, 29 U.S.C. § 185(a).

On July 9, 2016, this Court granted Plaintiff's Motion for Default Judgment (Doc. 15), entering judgment for Plaintiff in the amount of $8,000 dollars as compensation for breach of contract created to settle Defendants' prevailing-wage violation. (Doc. 16 at 4.) This matter is now before the Court for an award attorney's fees to Plaintiff.

1

## II. STANDARD OF REVIEW

If "a court finds violations of sections 4115.03 to 4115.16 of the Revised Code, the court shall award attorney fees and court costs to the prevailing party." Ohio Rev. Code § 4115.16(D). The attorney fees must be reasonable and, recently, the launching point has been the "lodestar" calculation. *Moore v. Freeman*, 355 F.3d 558, 565 (6th Cir. 2004) (citing *Adcock-Ladd v. Sec'y of Treasury*, 277 F.3d 343, 349 (6th Cir. 2000)). The "lodestar" calculation is the product of hours reasonably expended on the case multiplied by a reasonable hourly rate. *Id.* Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The ultimate "lodestar" calculation may be adjusted up or down as the Court reasonably sees fit; based upon, *inter alia*, the results obtained, hours not reasonably expended, and average hourly rates for attorneys of commensurate experience and skill. *Id.* at 434.

## III. ANALYSIS

### A. Reasonable Hourly Rate

Plaintiff's request fees calculated by an hourly rate of $330.00 for Attorney Ryan K. Hymore, an associate attorney with Mangano Law Offices Co., L.P.A. In his affidavit, Hymore attests to litigating wage-and-hour disputes for approximately 10 years. (Doc. 19-1 at ¶ 2.) Hymore further states he assisted in wage-and-hour matters as a legal assistant and law clerk five years prior to his time as a practicing attorney. *Id.*

The requested hourly rate is comparable to the rate of other local attorneys with similar experience and skills. (Doc. 19-3 at 39-41.) Further, this Court previously approved the requested rate for this attorney. *See Goins v. Wyche*, No. 1:15-cv-467 (S.D. Ohio Nov. 18, 2015). Accordingly, the Court finds that the requested hourly rates are reasonable.

### B. Hours Reasonably Expended

Plaintiffs submitted billing entries reflecting 9.4 hours for Attorney Hymore. Hymore attests that his paralegal, Dan Sponaugle, assisted him for 4.5 hours, but through exercise of billing judgment, Hymore eliminated Sponaugle's time from this motion.

In determining hours worked, "the attorney seeking compensation retains the burden of documenting the number of hours spent on the case and of maintaining records in a way that would allow a court to determine how much time was spent on each claim." *Moore*, 355 F.3d at 566 (6th Cir. 2004) (citing *Hensley*, 461 U.S. at 437). Counsel "is not required to record in great detail how each minute of . . . time was expended," but should at least "identify the general subject matter of his time expenditures." *Hensley*, 461 U.S. at 437 n.12. Here, the attorney provided a detailed billing sheet with a description of how each period of time was spent. (Doc 19-2.) Further, there are no excesses apparent which merit the reduction of hours expended. Accordingly, the Court finds that the hours expended are reasonable.

### C. Product of Lodestar Amount Plus Attorney Fees for Fee Motion

The product of the reasonable hourly rate, $330, and the hours reasonably expended, 9.4, equals $3,102.00. The Sixth Circuit also permits counsel to request an additional fee award for prosecuting the fee motion. *Auto Alliance Int'l, Inc. v. United States Customs Serv.*, 155 Fed. Appx. 226, 229 (6th Cir. 2005) (*citing Coulter v. State of Tennessee*, 805 F.2d 146, 151 (6th Cir. 2016)). The *Coulter* decision capped that award at three percent of the total fee award for cases that did not go to trial. *Id.* As the "lodestar" amount is $3102.00, Plaintiff is entitled to an additional attorney's fees of $93.06, totaling $3195.06.

### D. Court Costs

In an action such as this, the Court shall award court costs to the prevailing party. Ohio Rev. Code § 4115.16(D). In his affidavit, Hymore attests that the filing fee was $400. (Doc. 19-1 at ¶ 14.) Because Plaintiff was successful, it is entitled to $400 for the filing fee.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Attorney's Fees is **GRANTED**. The Court hereby **ORDERS** an award of attorney's fees to Plaintiff in the amount of $3,195.06 and court costs in the amount of $400, totaling $3,595.06.

**IT IS SO ORDERED.**

<u>s/ Algenon L. Marbley</u>
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: November 9, 2016**